UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA        )
                                )
         v.                     )       1:13-cr-00021-JAW
                                )
RANDY GAMACHE                   )

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on May 23, 2013 her Recommended Decision (ECF No. 22). The Defendant filed his objections to the Recommended Decision on June 17, 2013 (ECF No. 25) and the Government filed its response on June 28, 2013 (ECF No. 26). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] In his Objection, Mr. Gamache adopted the Recommended Decision's recitation of facts with two exceptions. *Def.'s Objections to the Recommended Decision on Def.'s Mot. to Suppress* (ECF No.25) (*Def.'s Objections*). The first factual objection is really a clarification of what constitutes the record. Mr. Gamache noted that the Recommended Decision referred to the Temporary Order for Protection From Abuse and Notice of Hearing and the Order Prohibiting Possession and Requiring Relinquishment of Firearms and Weapons and Mr. Gamache states that it appears to him that these Orders are now part of the record in support of the Recommended Decision. *Id.* at 1. Mr. Gamache wanted to be certain that these exhibits were in fact part of the record. *Id.* The Court notes that the Magistrate Judge explicitly referred to each of these exhibits, which were attached to the Government's response and were marked as exhibits. *Recommended Decision Re: Mot. to Suppress* (ECF No. 22). The Court agrees with the Defendant that these exhibits are part of the record on the motion to suppress.
   In the Recommended Decision, the Magistrate Judge found that "[e]ven if Gamache had not pointed to the weapons, Scripture would have inevitably seen them from his vantage point." *Id.* at 3.

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

2. It is further **ORDERED** that the Defendant's Motion to Suppress (ECF No. 19) be and hereby is DENIED.

SO ORDERED.

                /s/ John A. Woodcock, Jr.
                JOHN A. WOODCOCK, JR.
                CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2013

---

Mr. Gamache asserts that this factual finding is not supported by the facts and has an insufficient foundation. *Def.'s Objection* at 1. Having carefully reviewed the record, the Court disagrees with Mr. Gamache. In the Declaration of Scott Scripture, Government's Exhibit Number 4, Sergeant Scripture of the Orono Police Department states that he asked Mr. Gamache whether he had any firearms and that Mr. Gamache "pointed to his living room wall where I observed from where I was standing and in plain view two shotguns. I would have noticed these weapons even if Mr. Gamache had not pointed them out." *Resp. of the United States to Def.'s Mot. to Suppress*, *Decl. of Scott Scripture* Attach. 4 (ECF No. 21). Sergeant Scripture's unrebutted statements that from where he was standing, he could see the firearms on the Defendant's living room wall, that they were in plain view, and that he would have noticed them even if Mr. Gamache had not pointed them out, are all supported by the record evidence. The Court overrules Mr. Gamache's second objection.